UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Sevdija Novovic, Smajlje Srdanovic and
Glenn Zuckerman as Administrators of the
Estate of Rama Novovic and Sevdija Novovic,
Individually,

                    Plaintiffs,              CV-08-3190 (CPS)

     - against -
                                             MEMORANDUM
                                             AND ORDER

Greyhound Lines, INC., and
Motor Coach Industries,

                    Defendants.

----------------------------------------X

SIFTON, Senior Judge.

        Sevdija Novovic, individually, and Sevdija Novovic, Smajlje

Srdanovic, and Glenn Zuckerman as Administrators of the Estate of

Rama Novovic ("Novovic") (collectively, "plaintiffs") commenced

this action against Greyhound Lines, Inc. ("Greyhound") and Motor

Coach Industries ("MCI")[1] in the Supreme Court, Queens County

pursuant to a summons and complaint dated July 1, 2008. On August

5, 2008, defendant Greyhound removed the matter from the Supreme

Court, Queens County to the United States District Court, Eastern

District of New York, pursuant to 28 U.S.C. § 1441.[2] Plaintiff

claims that defendant Greyhound was negligent and engaged in

_____

        [1]On September 30, 2008, all proceedings as to MCI having been stayed by
the Bankruptcy Court, the case was administratively closed as to this
defendant only. In this opinion, I will not refer to MCI as a defendant.

        [2]MCI did not participate in the removal action.

wanton, reckless, and illegal conduct, and that defendant is liable for wrongful death, and that defendant MCI was negligent and liable for wrongful death. Now before the Court are plaintiffs' motion to remand the case to New York Supreme Court, defendant Greyhound's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19(b) for failure to join an indispensable party, and defendant Greyhound's motion to change venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion to remand is granted. Because the case is remanded, the other motions need not be considered.

## Background

The following facts are taken from the parties' submissions in connection with this motion and are undisputed for the purposes of this motion except where noted.

On or before August 30, 2007, decedent Novovic purchased a ticket from defendant Greyhound for travel on a Greyhound bus from New York City to St. Louis, Missouri. Complaint at ¶ 9 ("Compl."). Novovic boarded a Greyhound bus in New York City on August 30, 2008. *Id*. at ¶ 10. At approximately 3 a.m. on August 31, 2007, the Greyhound bus malfunctioned in Union Township, Ohio. *Id*. The driver reported that the stop engine light came of just after the exit ramp, and that the problem was a blown water hose. Plaintiff's Reply in Support of Remand, Ex. 2 ("P. Reply."). The driver pulled over to the side of Interstate 70.

Compl. at ¶ 10. The Greyhound passengers, including Novovic, were permitted to disembark from the bus. *Id*. at ¶ 12. After leaving the bus, Novovic and one other passenger were hit by a vehicle entering the highway. *Id*. Novovic suffered serious injuries that caused his death. *Id*. at ¶¶ 13, 20.

The vehicle that struck Novovic was operated by Eddie A. McElfresh ("McElfresh"), who resides in Cumberland, Ohio. Zombeck Decl. at ¶ 6. A statement was obtained from McElfresh following the incident, in which he stated that he was unable to stop his car prior to the accident. *Id*. at ¶ 7.

Defendant Greyhound is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Dallas, Texas. *Id*. at ¶ 9. Defendant MCI is a foreign corporation with its principal place of business in Dallas, Texas, and is a common carrier for hire. Compl. at ¶ 7.

Novovic is survived by his wife, plaintiff Sevdija Novovic, and three children, all of whom live in Plav, Montenegro. *Id*. at ¶ 21. Mrs. Novovic is a co-Administrator of the estate. Novovic was a resident of Queens, New York. *Id*. at ¶ 2. Plaintiff Smajlje Srdanovic is the brother-in-law of the decedent and also a co-Administrator of the estate, and lives in Queens, New York. Plaintiff Glen Zuckerman, Esq., is a third co-Administrator of the estate, and lives in Great Neck, New York.

**Discussion**

*Jurisdiction*

This Court has jurisdiction pursuant to 28 U.S.C. 1332. The
matter in controversy exceeds $75,000, exclusive of interest and
cost and is between citizens of different states.

*Remand*

Plaintiffs seek remand of the case to New York Supreme Court
in Queens, New York on the ground that MCI did not join in the
removal petition. 28 U.S.C. § 1441 states that "any civil action
brought in a State court of which the district courts of the
United States have original jurisdiction may be removed by the
defendant or the defendants to the district court..." The phrase
"defendant or defendants" has been interpreted by the Supreme
Court to require that all defendants join in a removal action
before a case can be removed. In *Chicago, Rock Island & Pacific
Railway Co. v. Martin*, 178 U.S. 245, 247 (1900), the Supreme
Court stated: "It thus appears on the face of the statute that if
a suit arises under the Constitution or laws of the United
States, or if it is a suit between citizens of different States,
the defendant, if there be but one, may remove, or the
defendants, if there be more than one.... And in view of the
language of the statute we think the proper conclusion is that
all the defendants must join in the application under either

clause."[3] In *Bradford v. Harding*, 284 F.2d 307, 309 (2d Cir. 1960), the Second Circuit found that there is a "long line of decisions [stating] that where removal is sought... all the defendants must join in seeking removal." The joinder requirement was cited again in *Franklin Nat'l Bank Sec. Litigation v. Andersen*, 532 F.2d 842, 846 (2d Cir. 1976), and numerous district courts have reached the same result. *See, e.g.*, *Franck v. Sullivan* (*In re WorldCom, Inc. Sec. Litig.*), 2003 U.S. Dist. LEXIS 18498, 2003 WL 22383090, at *1 (S.D.N.Y. Oct. 20, 2003); *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001); *Berrios v. Our Lady of Mercy Med. Ctr.*, 1999 U.S. Dist. LEXIS 1733, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999); *Codapro Corp.*, 997 F.Supp. 322, 325 (S.D.N.Y. 1998); *Schepis v. Local Union No. 17*, 989 F. Supp. 511, 513 n.1 (S.D.N.Y. 1998); *Still v. Debuono*, 927 F. Supp. 125, 129 (S.D.N.Y. 1996). *See also* Wright & Miller, 14B Fed. Prac. & Proc. Juris.3d § 3723 ("[A] cardinal rule is that only defendants may remove and all defendants must join in the notice of removal."). The burden is on the removing defendant to show that all served defendants consent to removal. *Codapro Corp*, 997 F.Supp. at 326.

An exception to the rule that all defendants must join in a removal action is that "nominal or formal parties may be

---

[3]Although the *Martin* court was analyzing an earlier version of § 1441, *Martin* remains good law. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 620 (2002).

disregarded." *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y. 1996) (quoting *Avon Prods. v. A/J Pshp*., 1990 U.S. Dist. LEXIS 2186 at *2 (S.D.N.Y. 1990)); Charles Alan Wright, Law of Federal Courts, § 40 (1994) (all defendants, except for nominal defendants and unserved defendants, must join in removal). "A party is 'nominal' when that party has little or no interest in the outcome of the litigation and 'no cause of action or claim for relief is or could be stated against [it].'" *Still*, 927 F.Supp at 129, quoting *Avon Prods.*, 1990 U.S. Dist. LEXIS 2186 at *2.

Defendant argues that MCI is a nominal defendant in this matter, because MCI, as the owner of the bus in which Novovic was riding, Defendant's Opposition to the Motion for Remand at 6-7 ("D. Opp."), is immune from liability under Section 14 of the Federal Transportation Equity Act of 2005, 49 U.S.C. §30106 (the "Graves Amendment"), enacted effective August 10, 2005, which states, in pertinent part:

> (a) In general. An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

MCI is in the business of leasing busses, having leased twelve busses to defendant. Defendant MCI's Verified Answer and Cross-Claim, Ex. A ("MCI Answer"). These circumstances would satisfy section (a) and section (a)(1) of the statute.

Plaintiffs, however, allege that the injuries suffered by Novovic were due in whole or in part to the negligence of defendant MCI in the maintenance of the Greyhound bus. Compl. at ¶ 14. This claim renders the Graves Amendment inapplicable. In *Colon v. Bernabe*, 2007 U.S. Dist. LEXIS 51981, (S.D.N.Y. 2007), plaintiff who was injured in a car accident sued one company that had leased the vehicle from another. The lessee claimed that the lessor was a nominal defendant, based on the Graves Amendment. The Court concluded that because the plaintiff had alleged that the lessor was negligent in maintaining the vehicle, the Graves Amendment did not render the lessor a nominal defendant.[4] *Id*. at *11-12. In *Colon*, the lessor had retained full responsibility for maintenance of the vehicle. *Id*. at *11. In this case, the lease between defendant Greyhound and MCI states that defendant Greyhound is responsible for maintenance. D. Opp. Ex. A to Ex. A, ¶ 11(F). However, the lease specifies that Greyhound must follow MCI's recommended standards of care and maintenance, permit MCI

---

[4]The Court expressed a concern that plaintiffs could defeat the spirit of the Graves Amendment and prevent removal by merely alleging that the vehicle leasing company was negligent in maintaining the vehicle. *Id*. at *14-15. The solution proposed by that Court was to suggest that the state legislature could remedy this danger by setting a higher pleading standard for claims of negligent maintenance against an automobile lessor. *Id*. at *15.

to conduct periodic inspections of equipment and defendant's records concerning the equipment, and permit the busses to be returned to MCI's facilities at regular intervals to facilitate periodic inspection. *Id*. at ¶¶ E, K. If MCI's maintenance instructions were deficient, or if MCI was negligent in reviewing maintenance files maintained by defendant Greyhound, grounds could exist for stating a claim against MCI.

Defendant Greyhound also argues that the "New Coach Lease" agreement between defendant and MCI included an indemnification clause, pursuant to which Greyhound agreed to assume liability for, and to indemnify and hold MCI harmless from and against any lawsuits for injuries to or deaths of persons, incident to the operation of the bus. MCI Answer, Ex. A. However, the indemnification clause also states that defendant Greyhound does not agree to indemnify, defend, or hold MCI harmless for MCI's negligence, acts, or omissions as the manufacturer. *Id*.

Since MCI is not shielded from liability by either the Graves Amendment or the lease agreement, it is not a nominal defendant based on those grounds. At oral argument, defendant Greyhound advanced an argument that due to the Bankruptcy Court's stay of proceedings against MCI, "no cause of action or claim of relief could be stated" against MCI, *Still*, 927 F.Supp. at 129, and therefore MCI is a nominal defendant. However, defendant Greyhound removed this case to Federal Court on September 5,

2008, at which date MCI had not yet declared Bankruptcy.[5] Removal was therefore improper, because MCI was not a nominal defendant and should have joined in the removal. The case is accordingly remanded to New York Superior Court.

## Conclusion

For the reasons set forth above, plaintiffs' motion to remand the case to New York Superior Court is granted. Defendant Greyhound's motions to dismiss and change venue are denied as moot. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated :   Brooklyn, New York
          November   , 2008

                              By:_____
                                    United States District Judge

---

[5]Once MCI declared bankruptcy, defendant Greyhound might have attempted to remove the action pursuant to 28 U.S.C. § 1452, which permits the removal of claims related to bankruptcy cases. However, defendant has not availed itself of this opportunity.